**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 01-8084-CR-LENARD/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ELROY PHILLIPS,

    Defendant.

_____/

**ORDER DENYING MOTION TO ALLOW
DEFENDANT TO AMEND HIS PLEADINGS
TO STATE A BIVENS ACTION UNDER 28 U.S.C. § 2671**

    This matter comes before the Court on Defendant's Motion to Amend His Pleadings to State a Bivens Action Under 28 U.S.C. § 2671, which relates to Defendant's original Motion for Return of Seized Property pursuant to Federal Rule of Criminal Procedure 41(g) [D.E. 377].[1] After reviewing the pending motion and the record in the case, this matter is ripe for disposition.

    1.    The pending Motion pertains to Defendant's attempt to obtain the return of one $100 bill in US currency, one 18-karat gold Concord wrist watch, one 18-karat gold ring with a 1.8-karat diamond, one brown leather notebook, one cell phone, one black leather bag, wallet, driver's license, credit cards, and miscellaneous documents in a storage bin seized from him when he was arrested on June 8, 2001.

---

[1] These matters were referred initially to Magistrate Judge Klein on July 7, 2006 [D.E. 379] and, subsequently, to the undersigned Magistrate Judge [Admin. Order 2006-18].

2. Defendant's original Motion for Return of Seized Property was granted by Judge Klein after the government failed to file any response in opposition to the motion. [D.E. 380]. When the government did not respond to Judge Klein's Order, Defendant then filed a Motion to Enforce or for Contempt [D.E. 381].

3. The government responded with an affidavit from Special Agent Brian M. Smith, stating that all property belonging to Defendant was either returned to him or his agents or were otherwise no longer in the government's custody or control.

4. On October 2, 2006, this Court vacated its original Order granting Defendant's Motion for Return of Property and denied Defendant's Motion for the Court to Enforce its Order or Hold the Government in Contempt. The Court concluded that Defendant's property is no longer in the government's possession, which finding precluded the Court from compelling the government to produce it. The Court further stated that sovereign immunity shielded the government from monetary damages under Federal Rule of Criminal Procedure 41(g). *United States v. Potes Ramirez*, 260 F.3d 1310, 1315-16 (11th Cir. 2001).

5. Defendant alleges that the government's testimony was inaccurate and provides an affidavit from his former attorney, which states that the government never turned over any items that belonged to the Defendant to him. In turn, Defendant seeks to amend his pleadings to add a civil tort claim against the government. As stated previously by this Court, due to sovereign immunity, the equitable powers of this Court are limited to instructing the government to turn over only the property that is in its actual possession. This Court has already determined that the government is no longer in possession of Defendant's property, which ends the inquiry under Rule 41(g) and this closed criminal case.

6. This motion must, therefore, be denied without prejudice. The Court takes no position on this record whether any other legal remedy available to Defendant, such as a separate civil action against the government, is available for the alleged injury here. *See Potes Ramirez*, 260 F.3d at 1316 n.10.

Accordingly, for these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Amend His Pleadings to State a Bivens Action under 28 U.S.C. § 2671 is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
AUSA Janice LaClainche (West Palm Beach)

Elroy Phillips, pro se
Reg. No. 71660-004
USP-Atlanta
P.O. Box 150160
Atlanta, GA 30315